■ ANA SERRANO, Respondent, v CITY OF NEW YORK, Defendant, and NEW YORK CITY HOUSING AUTHORITY, Appellant. [829 NYS2d 3]—

Order, Supreme Court, Bronx County (Paul Victor, J.), entered February 15, 2005, which confirmed the report of the Judicial Hearing Officer, granted plaintiff's motion to vacate the court's prior order entered May 11, 2004, granting, on default, defendant-appellant's motion to dismiss the complaint with prejudice for failure to comply with discovery, and restored the case to active, pre-note of issue status, unanimously affirmed, without costs.

Plaintiff commenced this action in May 2003 for personal injuries allegedly sustained as a result of a slip and fall in a hallway in her apartment, located in a Housing Authority complex. The Housing Authority, having obtained plaintiff's consent to an extension of time to answer, served an answer and discovery demands in July 2003. In September and October 2003, the Housing Authority requested responses to their discovery demands. By letter dated December 10, 2003, counsel for plaintiff asked the Housing Authority for a copy of plaintiff's General Municipal Law § 50-h hearing transcript, and by letter dated December 12, 2003 acknowledged receipt of the October correspondence and asserted that he had left several messages for the Housing Authority's counsel to discuss the discovery matters.

On December 17, 2003, the Housing Authority moved to dismiss the complaint with prejudice for failure to comply with discovery demands, and oral argument was scheduled for February 5, 2004. By order entered February 13, 2004, the court granted the motion on default with the directive to settle order. Meanwhile, plaintiff, who denies ever receiving notice of the motion, had served the Housing Authority with a bill of particulars on February 12, 2004; around February 25, 2004, plaintiff served other discovery responses. The Housing Authority, which admits receipt of the bill of particulars on February

18, 2004, proceeded to serve a proposed order on February 27, 2004. Plaintiff's counsel attempted to resolve the matter on consent, but the Housing Authority refused, and the court signed the proposed order.

Plaintiff moved to vacate her default, and the matter was referred to a Judicial Hearing Officer, who found that: plaintiff's counsel never received notice of the Housing Authority's motion to dismiss, plaintiff attempted to resolve the matter on consent upon learning of the dismissal order, and there was no prejudice to the Housing Authority, since it had in fact received the bill of particulars before the order of dismissal was signed by the IAS court.

We note that, while the Housing Authority requested, and plaintiff's attorney graciously afforded, an extension of time within which to answer, plaintiff's repeated requests for additional time and for a copy of the section 50-h hearing transcript remained unanswered. There is no indication that plaintiff intended to abandon the case and, under all the circumstances, the decision to vacate the default constituted a proper exercise of the motion court's discretion (*Goldman v Cotter*, 10 AD3d 289 [2004]). Concur—Buckley, P.J., Mazzarelli, Nardelli, Catterson and Malone, JJ.